```
                                                            USDC SDNY
                                                            DOCUMENT
                                                            ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                DOC #:
SOUTHERN DISTRICT OF NEW YORK                               DATE FILED: 2/3/2021
```

-------------------------------------------------------------- X
MASON TENDERS DISTRICT COUNCIL OF               :
GREATER NEW YORK AND LONG ISLAND                :
on behalf of CONSTRUCTION & GENERAL             :
BUILDING LABORERS LOCAL 79,                     :
                                                :        20-CV-9299 (VEC)
                              Petitioner,       :
                                                :        OPINION AND ORDER
           -against-                            :
                                                :
                                                :
AIR CONSTRUCTION CORP.,                         :
                                                :
                              Respondent.       :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Petitioner Mason Tenders District Council of Greater New York and Long Island (the "Union") on behalf of its constituent Construction & General Building Laborers Local 79 ("Local 79") seeks confirmation of an arbitration award entered against Respondent Air Construction Corporation ("ACC"), pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the reasons stated below, the petition is GRANTED.

## BACKGROUND

Respondent is a contractor and a signatory to the New York City Agency Renovation and Rehabilitation Project Labor Agreement ("PLA") with the Building and Construction Trades Council of Greater New York and Vicinity. Pet., Dkt. 1 ¶¶ 6-7; Pet., Ex. 2. The Union, as well as its affiliate union Local 79, are members of the Building Construction Trades Council and signatories to the PLA. Pet. ¶¶ 6-7; Pet., Ex. 2. Pursuant to the PLA, Respondent is bound by a collective bargaining agreement ("CBA") with the Union and Local 79. Pet. ¶¶ 7-8; Pet., Ex. 3 Art. 2 § 4. The CBA requires Respondent to contribute to a set of fringe benefit funds (the "Funds") for every hour worked by a covered union employee. Pet., Ex. 3, Art. VI §§ 4-7. The

1

CBA also provides, *inter alia,* that: (i) when a union employee is not paid on the "specified payday during working hours," he or she must be paid "single time (including fringe benefit contributions) for all waiting time at the rate of eight hours per day not to exceed twenty-one hours," *id*. § 15(c); and (ii) when an employee's salary check is not honored by the bank, the employer must pay 16 hours of waiting time, *id*. § 16.  Finally, the PLA requires that any grievances or disputes stemming from unpaid wages or benefits be resolved through arbitration.  *See* Pet., Ex. 2, Art. 9.

Here, Petitioner alleges that Respondent employed union members Maria Duchi ("Duchi"), Steven Robinson ("Robinson"), and Ervin Mislio ("Mislio") to work on a jobsite at 280 Broadway in New York City, but failed to pay them "all the wages and benefits required by the terms of the PLA."  Pet. ¶ 13.  Specifically, Petitioner alleges that Respondent failed to pay Robinson and Mislio their required wages and failed to make the required contributions to the Funds on behalf of Duchi, Robinson, and Mislio.  *Id.*  Petitioner also alleges that Respondent failed to pay Duchi, Robinson, and Mislio their required waiting time benefits, and failed to make the corresponding contributions to the Funds in connection with those benefits.  *Id.* ¶¶ 13-14; Pet., Ex. 1 at 3-4.  Accordingly, pursuant to the CBA's arbitration clause, on April 15, 2019, the Union initiated arbitration proceedings.  Pet. ¶ 11.  On October 31, 2019, the arbitrator found that Respondent violated the PLA and CBA by failing to pay Duchi, Robinson, and Mislio their required wages and benefits.[1]  Pet., Ex. 1 at 3-5.  On November 6, 2019, the arbitrator issued an award ordering Respondent to pay $5,609.70 in wages and $5,585.26 in benefit contributions to

---

[1] Respondent did not appear at the arbitration hearing despite receiving timely notice of the hearing and a reminder from both the Union and the arbitrator.  Pet. ¶ 13; Pet., Ex. 1 at 1.

be distributed among Duchi, Robinson, and Mislio.[2]  *Id*.  The award also directed the Union and Respondent each to pay the arbitrator $1,800.00 for his services as required by the PLA.  *Id*. at 5. Petitioner now seeks to confirm the arbitration award.

## DISCUSSION

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, . . . and the court must grant the award unless the award is vacated, modified, or corrected."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations omitted).

A court's "review of an arbitration award under the LMRA is . . . 'very limited.'"  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement."  *Id*.  The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did

---

[2] Specifically, the award directed Respondent to pay: (i) $650.40, less statutory deductions to Duchi and $2,072.88 to the Funds on behalf of Duchi; (ii) $1,504.05, less statutory deductions to Robinson and $1,065.23 to the Funds on behalf of Robinson; (iii) $3,455.25, less statutory deductions to Mislio and $2,447.15 to the Funds on behalf of Mislio. Pet., Ex. 2 at 5.

3

not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

When a petition to confirm an arbitration award is unopposed, courts treat the petition and accompanying record as an unopposed motion for summary judgment; unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the petition must be confirmed. *D.H. Blair & Co.*, 462 F.3d at 109–10. If, however, "the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Id.* at 110 (quotation omitted) (emphasis in original).

Here, the petition to confirm arbitration is unopposed.[3] The undisputed facts show that the arbitrator's award was properly within the scope of his authority. Accordingly, Petitioner's motion is granted, and the award is confirmed.

## CONCLUSION

For the foregoing reasons, the petition to confirm arbitration is GRANTED. The court awards judgment in Petitioner's favor in the amount of $11,194.96, plus $1,800.00 in legal fees owed to the arbitrator, totaling $12,994.96.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

**Date: February 3, 2021**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

3 Respondent's deadline to oppose the petition was January 29, 2021. *See* Dkt. 6.

